IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

*United States of America v. Sedric Williams*
Case No. 3:18-cr-00113-TMB-MMS

By:           THE HONORABLE TIMOTHY M. BURGESS

PROCEEDINGS:     ORDER FROM CHAMBERS

The matter comes before the Court on the Final Report and Recommendation ("Final R&R") of United States Magistrate Judge Scoble[1] recommending the Court deny Defendant Sedric Williams' Motion to Dismiss at Docket 159 (the "Motion").[2] For the reasons discussed below, the Court **ACCEPTS** the Final R&R **as MODIFIED by this Order**. Consequently, the Court **DENIES** the Motion at Docket 159 on the merits.

### A. Background

Williams is charged by superseding indictment with one count of drug possession with intent to distribute.[3] Relevant to the Motion, the Government alleges Williams crashed his car into a telephone pole while trying to evade the police, fled on foot, threw a bag of drugs into nearby bushes, and was eventually caught with a separate bag of cash in his pocket.[4] The Government asserts the police photographed and logged both bags.[5]

### B. Motion to Dismiss

On November 1, 2021, Williams moved to dismiss the Indictment on Fifth Amendment due process grounds.[6] Williams asserts the Government "either destroyed or disposed of" the bag of cash, "prohibiting Mr. Williams from subjecting the bag to testing to determine if that was the plastic bag the trooper saw Mr. Williams throw from his hand."[7] According to Williams, the trooper has provided "conflicting description[s] of the plastic bag Mr. Williams is alleged to have thrown."[8] Williams implies the trooper may have seen him discard only one bag—the bag of cash that Williams alleges is missing, not the bag of drugs—and argues that "[t]esting of the missing bag very well could have proven that the bag [of cash] was retrieved from the weeds and dirt and not from his pocket."[9] Williams argues that the missing bag has exculpatory value, that he is unable

---

[1] Dkt. 179 (Final R&R).
[2] Dkt. 159 (Motion); *see also* Dkt. 160 (Memorandum in Support of Motion).
[3] Dkt. 65 (Superseding Indictment).
[4] Dkt 166 at 2–3 (Opposition).
[5] *Id.* at 4–5.
[6] Dkt. 159 at 1; Dkt. 160 at 3–5.
[7] Dkt. 160 at 2.
[8] *Id.*
[9] *Id.* at 5.

1

to obtain comparable evidence, and that the Government violated his due process right to access evidence by destroying the bag.[10] Accordingly, Williams argues the case should be dismissed.[11]

The Government opposes the Motion on the basis that "the bag is still within the Government's possession, available for inspection by the defense and for use as an exhibit."[12] The Government argues that "[b]ecause the evidence is still available, the defendant has not suffered a deprivation of any constitutional right that would necessitate dismissing this case without a trial."[13] The Government does not oppose the Motion on procedural grounds.[14]

On November 9, 2021, the Government brought both bags at issue to an evidentiary hearing on the Motion.[15] The defense inspected the bags at the hearing.[16]

### C. *Magistrate Judge Scoble's Final Report & Recommendation*

On December 1, 2021, Magistrate Judge Scoble issued a Final R&R recommending the Court deny the Motion for two independent reasons: (1) Williams failed to comply with Federal Rule of Criminal Procedure ("Rule") 12, rendering the Motion procedurally improper, because he failed to allege that "the evidence at issue had any effect on the integrity of the grand jury proceedings, or that there was a defect in initiating of the prosecution" and (2) even if the Motion were procedurally proper, "the evidence was not lost or destroyed by the government."[17]

In the Final R&R, the Magistrate Judge also declines to alter its recommendation based on Williams' objections to the Initial Report and Recommendation ("Initial R&R").[18] In his Objection, Williams concedes "that the claimed missing plastic bag did appear at the hearing" but objects "to the finding that there was procedural impropriety in the motion as filed."[19] Williams does not include legal authority for his proposition that the Motion is procedurally proper. Partly for that reason, the Magistrate Judge concludes in the Final R&R that it need not alter its recommendation, noting "'[i]t is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones.'"[20] The Magistrate Judge also reasons that Williams did "not identify the specific findings that he disagrees with."[21]

---

[10] *Id.*
[11] *See generally* Dkt. 159.
[12] Dkt. 166 at 2.
[13] *Id.*
[14] *See generally id.*
[15] Dkt. 179 at 4.
[16] *Id.*
[17] *Id.* at 3.
[18] See Dkt. 176 (Initial R&R).
[19] Dkt. 177 (Objection to Initial R&R). The Government did not object to the Initial R&R. Dkt. 178 (Response to Objection to Initial R&R).
[20] Dkt. 179 at 4 (quoting *McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997)).
[21] *Id.*

*D. Discussion*

Having considered the Final R&R and relevant portions of the record, the Court accepts the Magistrate Judge's recommendation that the Motion be denied on the merits. However, the Court disagrees with the Magistrate Judge that the Motion is procedurally improper and modifies the Final R&R accordingly.

Rule 12(b)(1) provides that "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits."[22] This Rule permits a defendant to raise by pretrial motion any request "capable of determination without the trial of the general issue."[23] As the Ninth Circuit has explained,

> A pretrial motion is generally "capable of determination" before trial if it involves questions of law rather than fact. However, "a district court may make preliminary findings of fact necessary to decide the questions of law presented by pre-trial motions so long as the court's findings on the motion do not invade the province of the ultimate finder of fact."[24]

Rule 12(b)(3) lists certain motions which "must" be made before trial "if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits."[25] Among those motions that "must" be raised before trial are motions "alleging a defect in instituting the prosecution" and motions alleging "a defect in the indictment."[26]

Under the Rules, Williams' Motion is properly raised. Defendants may move to dismiss indictments on due process grounds under Rule 12(b)(1). Such motions are plainly "request[s]" that can be resolved "without a trial on the merits."[27] This reading of Rule 12 has been implicitly endorsed by many courts, including the Ninth Circuit, which frequently reach the merits of pretrial motions to dismiss on due process grounds without questioning their procedural propriety.[28] For

---

[22] Fed. R. Crim. P. 12(b)(1).
[23] *United States v. Shortt Acct. Corp.*, 785 F.2d 1448, 1452 (9th Cir. 1986) (internal quotations omitted); *see also United States v. Beal*, No. 18-CR-00070-DKW-12, 2021 WL 2325331, at *1–2 (D. Haw. June 7, 2021).
[24] *Id.* (internal citations omitted).
[25] Fed. R. Crim. P. 12(b)(3).
[26] Fed. R. Crim. P. 12(b)(3)(A), (B).
[27] Fed. R. Crim. P. 12(b)(1).
[28] *See, e.g.*, *United States v. Zaragoza-Moreira*, 780 F.3d 971, 982 (9th Cir. 2015) (holding district court erred by denying defendant's pretrial motion to dismiss on due process grounds where the government, acting in bad faith, failed to preserve potentially useful video footage, thereby violating defendant's due process right to present a complete defense; remanding with instructions to dismiss the indictment); *Beal*, 2021 WL 2325331, at *1–2 (considering on the merits a pretrial motion to dismiss based on the government's failure to preserve evidence; noting the motion to dismiss was filed pursuant to Rule 12); *United States v. Lopez-Rocha*, 322 F. Supp. 3d 1040, 1045 (S.D. Cal. 2018) (considering on the merits a pretrial motion to dismiss based on the government's failure to preserve evidence); *United States v. Salas*, No. 14-CR-00413-JSW-1, 2016 WL 3456693,

example, in *United States v. Zaragoza-Moreira*,[29] the Ninth Circuit reversed a district court for failing to dismiss an indictment before trial where the government, acting in bad faith, destroyed evidence that would be potentially useful to the defense.[30]

Williams is not required to allege a defect in the grand jury proceedings or indictment. Rule 12(b)(3) requires only that *if* Williams were to allege a defect in the grand jury proceedings or indictment, he must do so before trial (so long as the basis for the motion is reasonably available at the time). As discussed above, Rule 12(b)(3), by its plain language, does not limit the types of motions that *may* properly be brought before trial. It merely specifies which motions *must* be brought before trial. A defendant *may* raise before trial—per Rule 12(b)(1)—"any . . . request that the court can determine without a trial on the merits." As is clear from the Magistrate Judge's recommendation to dismiss the Motion on the merits, Williams' Motion makes a "request that the court can determine without a trial on the merits." The Motion is, therefore, properly raised under Rule 12.

Nevertheless, the Court agrees with the Magistrate Judge as to the merits of Williams' Motion: the Government has not violated Williams' due process rights. The Magistrate Judge found, and Williams now concedes, that the Government did not destroy the bag of cash as Williams had alleged.[31] Accordingly, the Court **DENIES** the Motion on the merits.

   E. Conclusion

For the foregoing reasons, the Court **ACCEPTS** the Final R&R at Docket 179 **as MODIFIED in this Order**. Consequently, the Court **DENIES** the Motion at Docket 159.

Entered at the direction of the Honorable Timothy M. Burgess, United States District Judge.

DATE: December 3, 2021.

---

at *3 (N.D. Cal. June 24, 2016) (same); *United States v. Gonzalez-Hernandez*, No. CR15-00267-TUC-RCC, 2015 WL 1600781, at *2 (D. Ariz. Apr. 8, 2015) (same).
[29] 780 F.3d 971 (9th Cir. 2015).
[30] *Id.* at 982; *see also United States v. Cooper*, 983 F.2d 928, 931–33 (9th Cir. 1993) (affirming district court's pretrial dismissal of an indictment on the basis that the government failed to preserve evidence; finding the appropriate remedy was dismissal rather than suppression).
[31] Dkt. 179 at 3.