# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

*United States of America v. Sedric Williams*
Case No. 3:18-cr-000113-TMB-MMS

By:            THE HONORABLE TIMOTHY M. BURGESS

PROCEEDINGS:     ORDER FROM CHAMBERS

Before the Court is the United States' motion *in limine* to allow evidence of Defendant Sedric Williams' prior drug conviction (the "Motion").[1] Williams did not file a response or otherwise oppose the Motion.[2] For the reasons discussed below, the Motion is **DENIED without prejudice**.

Williams is charged by superseding indictment with possession with intent to distribute 100 grams or more of heroin.[3] The United States alleges Williams crashed his car into a telephone pole while trying to evade the police, fled on foot, and threw a bag containing 122 grams of heroin into nearby bushes.[4]

In the Motion, the United States asks to introduce evidence of Williams' 2010 federal drug conviction for the limited purposes of proving knowledge, intent, opportunity, and lack of mistake or accident.[5] Williams' prior conviction was based on a 2009 incident in which the government intercepted a package containing crack cocaine, heroin, and ecstasy pills addressed to an Anchorage apartment.[6] The government tracked the package, which was ultimately found opened in an apartment in which Williams and two others were arrested.[7] At trial, Williams denied that he participated in opening the package, although a black-light test of his hands indicated he had handled the package.[8] The jury found Williams guilty of drug conspiracy and attempted possession

---

[1] Dkt. 140 (Motion).
[2] *See* Dkt. 173 (Trial Scheduling Order) (responses to motions *in limine* were due on or before November 22, 2021); Dkt. 118 (Text Order) (ordering Williams to file any response to the Motion on or before December 10, 2021); Dkt. 200 (Text Order) (granting extension and allowing Williams to respond to the Motion on or before 12:00 p.m. on December 13, 2021).
[3] Dkt. 65 (Superseding Indictment).
[4] Dkt.140 at 5.
[5] *Id.* at 6.
[6] *Id.* at 2 (citing *United States v. Williams*, No. 09-cr-0027-TMB, 2014 WL 309784, at *1 (D. Ak. Jan. 27, 2014) and *United States v. Williams et al.*, 3:09-cr-0027-TMB (D. Ak. May 21, 2009), at Dkt. 466, ¶ 17).
[7] *Id.* at 2–3 (citing *Williams*, 2014 WL 309784, at *1–2).
[8] *Id.* at 3 (citing *Williams*, 2014 WL 309784, at *1–2).

1

of a controlled substance with intent to distribute.⁹ Williams was released from federal prison on March 5, 2018.¹⁰

The United States argues Williams' 2010 conviction is admissible to show William's knowledge, intent, opportunity, and lack of mistake or accident.¹¹ The United States does not describe in what form it intends to introduce the evidence.

Under Federal Rule of Evidence ("Rule") 404(b)(1), evidence of a defendant's prior conviction, wrong, or act is inadmissible "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."¹² "This prohibition reflects the 'underlying premise of our criminal justice system, that the defendant must be tried for what he did, not for who he is.'"¹³ However, because such evidence "may be highly relevant,"¹⁴ Rule 404(b)(2) provides that it "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."¹⁵ To introduce evidence under Rule 404(b),

> The Government carries the burden to prove that the proposed evidence satisfies four requirements:
>
> (1) the evidence tends to prove a material point (materiality); (2) the other act is not too remote in time (recency); (3) the evidence is sufficient to support a finding that defendant committed the other act (sufficiency); and (4) … the act is similar to the offense charged (similarity).¹⁶

If the Court finds these requirements are met, it must then determine, under Rule 403, whether the "probative value [of the evidence] is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."¹⁷

The Court concludes Williams' prior conviction meets the second and third requirements for admissibility under Rule 404(b)—recency and sufficiency. The conviction is sufficiently recent: the conduct underlying the prior and current cases is separated by about nine years, most of which

---

⁹ *Id.* (citing *United States v. Williams et al.*, 3:09-cr-0027-TMB (D. Ak. May 21, 2009), at Dkt. 71).
¹⁰ *Id.* at 4.
¹¹ *Id.* at 6.
¹² Fed. R. Evid. 404(b)(1).
¹³ *United States v. Verduzco*, 373 F.3d 1022, 1026 (9th Cir. 2004).
¹⁴ *Id.*
¹⁵ Fed. R. Evid. 404(b)(2).
¹⁶ *United States v. Charley*, 1 F.4th 637, 647 (9th Cir. 2021).
¹⁷ Fed. R. Evid. 403; *see also United States v. Vo*, 413 F.3d 1010, 1018 (9th Cir. 2005).

Williams spent in custody.[18] And the jury's guilty verdict is sufficient to establish Williams committed the prior offense.[19]

However, the Court cannot yet determine whether Williams' prior conviction meets the first and fourth requirements for admissibility under Rule 404(b)—materiality and similarity—or whether the probative value of the evidence is substantially outweighed by a danger of unfair prejudice. The Court is not yet sufficiently familiar with the United States' case-in-chief or with Williams' defense to evaluate whether his prior conviction tends to prove a material point or, relatedly, involves conduct sufficiently similar to the charged offense.[20] Likewise, the Court cannot determine whether Williams' prior conviction is admissible under Rule 403, or whether a limiting instruction will sufficiently mitigate the risk of prejudice, without knowing how the United States intends to introduce the evidence.

Accordingly, the Motion at Docket 140 is **DENIED without prejudice**. At trial, the United States may move to introduce evidence of Williams' prior conviction with citation to relevant authority. The United States shall not reference Williams' prior conviction to the jury unless and until the Court orders otherwise.

Entered at the direction of the Honorable Timothy M. Burgess, United States District Judge.

DATE: December 15, 2021.

---

[18] *Vo*, 413 F.3d at 1018 ("[W]e have found that a thirteen-year-old conviction is not too remote to be admitted under Federal Rule of Evidence 404(b).") (citing *United States v. Ross*, 886 F.2d 264, 267 (9th Cir. 1989)); *Walters v. Maass*, 45 F.3d 1355, 1357 (9th Cir. 1995) ("Although seven years elapsed between the two crimes, Walters spent almost all of that time in jail serving his sentence for the 1981 crime.").

[19] *United States v. Calderon*, 127 F.3d 1314, 1332 (11th Cir. 1997) ("It is elementary that a conviction is sufficient proof that he committed the prior act.") (citing *United States v. Arambula–Ruiz*, 987 F.2d 599, 603 (9th Cir.1993)).

[20] *Cf. Arambula-Ruiz*, 987 F.2d at 603 ("The degree of similarity required . . . will depend on the evidential hypothesis which is being employed.") (quoting *United States v. Ramirez–Jiminez*, 967 F.2d 1321, 1326 (9th Cir. 1992)); *United States v. Mayans*, 17 F.3d 1174, 1183 (9th Cir. 1994). ("The trial court, however, was satisfied with information of the crudest sort—the mere fact that appellant had allegedly made prior drug deals with the co-defendants. But without further inquiry, the trial court was simply unable to make the focused determination of relevance mandated by the authorities discussed above. It could not tell whether or not appellant's purported wrongdoing put him on notice of the facts about which he disclaimed knowledge in this case. For this reason, the procedures used by the district court were flawed.").